UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES MAFFEI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-CV-00143-DBH |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) | |
| d/b/a FEDEX HOME DELIVERY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT

NOW COMES Defendant FedEx Ground Package System, Inc. (also erroneously identified as "FedEx Ground Package System, Inc. d/b/a FedEx Home Delivery," and hereinafter "FedEx Ground" or "Defendant") and files this Answer to the Complaint filed by Plaintiff James Maffei ("Plaintiff").

I.    INTRODUCTION

1.    This is an action brought by the plaintiff, James Maffei, alleging that defendant, FedEx Ground Package System, Inc., breached its contract with plaintiff by refusing to approve the sale of plaintiff's FedEx Ground package delivery route to a qualified buyer.

**ANSWER:** This paragraph is prefatory in nature and no response is required. Notwithstanding the foregoing, Defendant denies each and every allegation in Paragraph 1 of the Complaint, except Defendant admits that Plaintiff purports to bring an action as described in Paragraph 1 of the Complaint.

2.    In this action, plaintiff now seeks damages for himself in the amount of $97,500, the sale price of his route.

**ANSWER**:  This paragraph is prefatory in nature and no response is required. Notwithstanding the foregoing, Defendant denies each and every allegation in Paragraph 2 of the Complaint, except Defendant admits that Plaintiff purports to seek damages as described in Paragraph 2 of the Complaint.

II.     <u>PARTIES</u>

3.      Plaintiff James Maffei ("Maffei") is an adult resident of Sebago, Maine.

**ANSWER**:  Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant FedEx Ground Package System, Inc., d/b/a FedEx Home Delivery (hereinafter, "Fed Ex") is a foreign business corporation headquartered in Pittsburgh, Pennsylvania that provides package pick-up and delivery services throughout the state of Maine.

**ANSWER**:  Defendant admits that FedEx Ground is incorporated in Delaware and that its principal place of business is in Moon Township, Pennsylvania, just outside of Pittsburgh. Defendant also admits that FedEx Ground at all relevant times was engaged in providing for package delivery services through a network of independent contractors at certain locations in the state of Maine.  Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

III.    <u>STATEMENT OF FACTS</u>

5.      Plaintiff began providing package pick-up and delivery services for Defendant in approximately May 2004.

**ANSWER**:  Defendant admits that Plaintiff worked as an independent contractor for FedEx Ground commencing in May 2004.  Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

2

6.      FedEx operates several terminals throughout the state of Maine, including a terminal in Saco, Maine that is known as the "Portland Terminal."  These terminals are staffed by FedEx employees, including terminal managers.

**ANSWER**:  Defendant admits that it operates terminals at certain locations in Maine, including a facility in Saco, Maine known as the "Portland Terminal."  Defendant admits that there are FedEx employees, including terminal managers, at these locations.   Defendant denies that all individuals at these locations are Defendant's employees.  Defendant states affirmatively that independent contractors, such as Plaintiff, provide services out of the terminals.  Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Maffei reported to the FedEx Portland Terminal during the period he provided package pick-up and delivery services to Defendant.

**ANSWER**:  Defendant admits that Plaintiff operated out of the Portland Terminal pursuant to the terms of his independent contractor agreement with Defendant.  Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.      As part of that arrangement, Defendant required Maffei to sign a contract, also called an "Operating Agreement."

**ANSWER**:  Defendant admits that Plaintiff entered into an Operating Agreement with Defendant, the terms of which speak for themselves.  Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      At that time, Maffei acquired a route, through Defendant.  The "Operating Agreement" stated that Maffei would provide package pick-up and delivery services to FedEx customers in Maine.

**ANSWER**:  Defendant admits that Plaintiff acquired a route for purposes of providing services to customers on behalf of Defendant under the Operating Agreement, the terms of which speak for themselves.  Defendant specifically denies that Plaintiff acquired the route "through Defendant," and Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. The initial contract between Maffei and Defendant was for one year.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 10 of the Complaint.  Defendant states affirmatively that the initial term of the Operating Agreement, the terms of which speak for themselves, was for a period of two years.

11. The "Operating Agreement" provided that the contract would automatically renew for successive terms of one year after the expiration of the initial term unless Maffei or FedEx provided the other with notice of an intent not to re-new at least 30 days prior to the expiration of the contract's term.

**ANSWER**:  Defendant admits that the Operating Agreement, the terms of which speak for themselves, contained certain provisions for renewal, as well as for termination.  Defendant denies any allegations in Paragraph 11 of the Complaint that are inconsistent with the terms of the Operating Agreement.

12. The "Operating Agreement" also gave Maffei the right to assign his rights and responsibilities under the contract to another individual "acceptable to [Fed Ex] as being qualified to provide the services of Contractor under this Agreement."

**ANSWER**:  Defendant admits that the Operating Agreement, the terms of which speak for themselves, includes an assignment provision by which Plaintiff, under certain conditions, could assign his rights and obligations under the Operating Agreement to a replacement

4

contractor acceptable to FedEx Ground as being qualified to provide the services of a contractor under the Operating Agreement.  Defendant denies any allegations in Paragraph 12 of the Complaint that are inconsistent with the terms of the Operating Agreement.

13. As a contractor for Fed Ex, Maffei had the right to sell his route and assign his contract to another individual approved by Defendant.

**ANSWER**:  Defendant admits that Plaintiff was an independent contractor for Defendant under the Operating Agreement, and Defendant admits that the Operating Agreement, the terms of which speak for themselves, includes an assignment provision by which Plaintiff, under certain conditions, could assign his rights and obligations under the Operating Agreement to a replacement contractor acceptable to FedEx Ground as being qualified to provide the services of a contractor under the Operating Agreement.  Defendant denies any allegations in Paragraph 13 of the Complaint that are inconsistent with the terms of the Operating Agreement.

14. Maffei and FedEx renewed their contract in 2005, 2006, 2007 and 2008.

**ANSWER**:  Defendant denies that the parties renewed the Operating Agreement, the terms of which speak for themselves, in 2005, since the initial term was from 2004 until 2006. Defendant admits that the parties renewed the Operating Agreement in  2006, 2007 and 2008. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. On or about April 27, 2009, FedEx notified Maffei that it would not renew the contract for another term and that his contract with Defendant would expire on May 25,2009.

**ANSWER**:  Defendant admits that it gave Plaintiff proper notice that it did not intend to renew the Operating Agreement when it expired on May 25, 2009, and Defendant admits that the Operating Agreement expired on that date.  Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

5

16. On or about April 30, 2009, Maffei informed a FedEx manager at the Portland terminal that he wanted to exercise his right to assign his route to another individual and that he had identified a buyer for the route.

**ANSWER**:  Defendant admits that Plaintiff mentioned to a manager at the Portland terminal the possibility of selling or assigning his route, and Defendant admits that Plaintiff identified a potential purchaser at some point.  Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 16 of the Complaint and therefore denies the allegations.

17. At this time, it was the ordinary practice of Defendant to approve route sales to buyers who had commercial driving experience and passed a background check.

**ANSWER**: Defendant denies the allegations in Paragraph 17 of the Complaint.

18. The buyer Maffei had identified, Nelson Comproski, had commercial driving experience and had been approved by Defendant, through its Albany, New York terminal, to provide pick-up and delivery services the previous year.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Comproski had agreed to buy the route from Maffei for $97,500.

**ANSWER**:  Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 19 of the Complaint and therefore denies the allegations.

20. In or around early May 2009, Comproski submitted to a background check in order to be approved as a buyer for Maffei's route.

**ANSWER**:  Defendant admits that it sought to conduct a profile review of Mr. Comproski in or around May 2009.  Defendant is without knowledge or information sufficient to

admit or deny the remaining allegations contained in Paragraph 20 of the Complaint, and

therefore denies the same.

21. On or about May 20, 2009, Fed Ex informed Maffei that Comproski had not passed

the background check and that Defendant would not approve the sale of Maffei's route to

Comproski.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 21 of the

Complaint.

22. On May 25, 2009, Maffei's contract with FedEx terminated and the route reverted to

the control of Defendant.

**ANSWER**:  Defendant admits that Plaintiff's Operating Agreement, the terms of which

speak for itself, expired on or about May 25, 2009.  Defendant denies the remaining allegations

contained in Paragraph 22 of the Complaint.

23. Around this same time, Comproski contacted Infomart and learned that his

background check had come back clean, showing nothing that would disqualify him

from being approved as a buyer by Fed Ex.

**ANSWER**:  Defendant is without knowledge or information sufficient to admit or deny

the allegations contained in Paragraph 23 of the Complaint and therefore denies the allegations.

## COUNT I
### BREACH OF CONTRACT

24. Plaintiff re-asserts and incorporates by reference the allegations set forth above.

**ANSWER**:  Defendant incorporates by reference its responses to paragraphs 1 through

23 as set forth above.

25. Defendants' conduct in failing to approve the sale and assignment of Plaintiff's route

to a qualified buyer constitutes breach of the parties' contract.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. As a result of this breach, Plaintiff was forced to remit his route to Defendant.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. As a result of this breach, Plaintiff suffered damages, including the loss of the sale of his route for $97,500 to Nelson Comproski.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 27 of the Complaint.

## JURY DEMAND

Plaintiff requests a trial by jury on all claims.

**ANSWER**: The allegations contained in this paragraph state a legal demand to which no response is required by Defendant.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to a jury trial on all of the issues raised in the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. General and consequential damages for breach of contract;

2. Interest from the date of filing as provided by Maine law; and

3. Any other relief to which this Court deems Plaintiff may be entitled.

**ANSWER**: Defendant denies that Plaintiff is entitled to any relief whatsoever, including any of the relief requested in Plaintiff's specific prayers for relief.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint that has not otherwise been specifically admitted.

## DEFENSES

1.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, because Plaintiff is estopped by his own conduct to claim any right to damages or other monetary relief from Defendant.

3.      Plaintiff's claims are barred, in whole or in part, because such claims have been waived, discharged and/or abandoned.

4.      Plaintiff has failed to mitigate his alleged damages, in whole or in part.

5.      Plaintiff's claims are barred by an accord and satisfaction.

6.      The cause of Plaintiff's damages as alleged in the Complaint are wholly unrelated to, and were not proximately caused by, any act or omission by Defendant.

7.      Plaintiffs claims are barred by the doctrine of judicial estoppel.

8.      If Plaintiff was to recover in this action, he would be unjustly enriched.

9.      Defendant acted in good faith, ordinary care and prudence, and did not violate any laws or contractual agreements.

10.      Plaintiff's claims are barred, in whole or in part, by the conduct of the Plaintiff, or by the Plaintiff's own failure to act in good faith and/or own negligence.

11.      Plaintiff's claims are barred, in whole or in part, by the parol evidence rule, the statute of frauds, failure of consideration, and the doctrines of mutual mistake, mutual misunderstanding, frustration of purpose, impossibility, impracticability, novation, prior breach and modification.

12.    Plaintiff's claims are barred, in whole or in part, to the extent he breached any obligations owed to Defendant under any of Plaintiff's relevant agreements, contracts, covenants, or duties.

13.    Defendant expressly reserves the right to supplement its Answer to include additional defenses which may become known to it.

WHEREFORE, Defendant prays for judgment as follows:

1)    That the Complaint be dismissed in its entirety with prejudice;

2)    That Plaintiffs take nothing by way of his Complaint;

3)    That Defendant be awarded its costs incurred herein, including attorneys' fees; and

4)    That the Court orders such other and further relief for Defendant as the Court may deem just and proper.

DATED:  May 31, 2012

/s/ Eric J. Uhl
Eric. J. Uhl
Peter F. Herzog
FISHER & PHILLIPS LLP
400 Congress Street
P.O. Box 7250
Portland, ME  04112-7250
(207) 774-6001
*euhl@laborlawyers.com*
*pherzog@laborlawyers.com*

Attorneys for Defendant FedEx Ground Package System, Inc.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on May 31, 2012.

DATED:  May 31, 2012

/s/ Eric J. Uhl
Eric J. Uhl
Peter F. Herzog
FISHER & PHILLIPS LLP
400 Congress Street, P.O. Box 7250
Portland, Maine  04112-7250
(207) 774-6001
*euhl@laborlawyers.com*
*pherzog@laborlawyers.com*

Attorneys for Defendant
FedEx Ground Package System, Inc.